## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

**CERTA PRO PAINTERS, LTD.**
150 Green Tree Road, Suite 1003
Oaks, Pennsylvania 19456

      Plaintiff,

        v.

**WILLIAM SMITH**
1307 East Main Street
Millville, New Jersey 08332

      Defendant,

      and

**WILLIAM SMITH**
1307 East Main Street
Millville, New Jersey 08332

      Counterclaimant

       v.

**CERTA PRO PAINTERS, LTD.**
150 Green Tree Road, Suite 1003
Oaks, Pennsylvania 19456

      Counterclaim – Defendant.

C.A. No. 2:08-cv-02157-GP

**AMENDED ANSWER,
AFFIRMATIVE DEFENSES,
AND COUNTERCLAIMS**

**The Parties**

1.      Defendant admits the allegations in paragraph 1 of the Complaint.

2.      Defendant admits the allegations in paragraph 2 of the Complaint.

3.      Defendant admits the allegations in paragraph 3 of the Complaint.

4.      Defendant denies the allegations in paragraph 4 of the Complaint.

**Jurisdiction and Venue**

5.      Defendant admits the allegations in paragraph 5 of the Complaint.

6.      Defendant admits the allegations in paragraph 6 of the Complaint.

**Background**

7.      Defendant admits the allegations in paragraph 7 of the Complaint.

8.      Defendant admits the allegations in paragraph 8 of the Complaint.

9.      Defendant admits the allegations in paragraph 9 of the Complaint.

10.     Defendant admits the allegations in paragraph 10 of the Complaint.

11.     Defendant admits the allegations in paragraph 11 of the Complaint.

12.     Defendant admits the allegations in paragraph 12 of the Complaint.

13.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and leaves plaintiff to his proofs of those allegations.

14.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 and leaves plaintiff to his proofs of those allegations.

15.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and leaves plaintiff to his proofs of those allegations.

16.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and leaves plaintiff to his proofs of those allegations.

17.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and leaves plaintiff to his proofs of those allegations.

## COUNT ONE – Breach of Contract/Accounting

18.     The admissions and denials set forth above are incorporated by reference with respect to the preceding paragraphs of this Answer and Counterclaim.

19.     Defendant admits the allegations in paragraph 19 of the Complaint.

20.     Defendant admits the allegations in paragraph 20 of the Complaint.

21.     Defendant admits the allegations in paragraph 21 of the Complaint.

22.     Defendant denies the allegations in paragraph 22 of the Complaint.

23.     Defendant denies the allegations in paragraph 23 of the Complaint.

24.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 and leaves plaintiff to his proofs of those allegations.

25.     Defendant denies the allegations in paragraph 25 of the Complaint.

26.     Defendant denies the allegations in paragraph 26 of the Complaint.

## COUNT TWO - Fraud

27.     The admissions and denials set forth above are incorporated by reference with respect to the preceding paragraphs of this Answer and Counterclaim.

28.     Defendant denies the allegations in paragraph 28 of the Complaint.

29.     Defendant denies the allegations in paragraph 29 of the Complaint.

30.     Defendant denies the allegations in paragraph 30 of the Complaint.

31.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 and leaves plaintiff to his proofs of those allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The complaint should be dismissed because Plaintiffs failed to fulfill its duties and obligations pursuant to any agreements between the parties.

### SECOND AFFIRMATIVE DEFENSE

The claims of the Plaintiffs are barred by the principle of accord and satisfaction.

### THIRD AFFIRMATIVE DEFENSE

The Complaint should be dismissed because the Plaintiffs suffered no damages.

### FOURTH AFFIRMATIVE DEFENSE

The claims of the Plaintiffs are barred by the principle of unclean hands.

## COUNTERCLAIM

## BACKGROUND FACTS

32.     On or about May 16, 2006, Defendant-Counterclaimant William Smith ("Smith") attended a Certa Pro "Discovery Day" to learn about this franchise opportunity.

33.     At Discovery Day, Smith was given written Income Representations, dated May 2004, (the "Representations") prepared *two years earlier* by Certa Pro recruiting vice president, Mark Titcomb. (See Exhibit 1 attached).

34.     According to the Representations, a franchisee who invested $125,000 in his Certa Pro franchise could expect a 20% Return on Investment ("ROI").

35.     Moreover, the written Representations told Smith that if a franchisee invested $750,000 into a Certa Pro Franchise, then they would earn $150,000 annually from a Certa Pro franchise.

36.     In reliance on the representations, Smith signed a franchise agreement to operate a Certa Pro franchise on or about July 19, 2006, one month after attending Discovery Day.

37.     In accordance with the terms of that franchise agreement, Defendant was to operate a Certa Pro business in the State of New Jersey.

38.     In or about August, 2006, Defendant began operations from 506 Sea Isle Boulevard, Ocean View, New Jersey, 08230, servicing clients in the State of New Jersey.

39.     After Smith began operating his Certa Pro franchise, he learned that the Representations made on Discovery Day were grossly overstated, false, and misleading.

40.     Pursuant to the franchise agreement, Smith, a New Jersey resident, was to operate a Certa Pro franchise in the State of New Jersey.

41.     In accordance with the franchise agreement, Smith operated his Certa Pro franchise in New Jersey, at 506 Sea Isle Boulevard, Ocean View, New Jersey, 08230.

42.     Smith has established and maintained a place of business within the State of New Jersey under the definitions set forth in the NJFPA.

43.     In addition, the Agreement mandates that Smith market, advertise for sale and sell Certa Pro services at locations in New Jersey.

44.     Based on the forgoing, the relations between the parties are subject to the NJFPA.

## COUNT ONE
### Violations of the New Jersey Franchise Practices Act

1.     Counterclaimant repeats, realleges and incorporates by reference all of preceding paragraphs, as though fully set forth herein.

2.     In accordance with NJFPA § 56:10-3, Certa Pro and Smith entered into a written arrangement for a definite period, in which Certa Pro granted Smith a license to use its trademark and in which there is a community of interest in the marketing of Certa Pro's paints and services by agreement memorialized by the franchise agreement.

3.     In accordance with NJFPA § 56:10-4, the performance of the Agreement required Smith to maintain a place of business within the State of New Jersey as set forth herein.

4.     In accordance with NJFPA § 56:10-4, more than twenty percent (20%) of Smith's gross sales were derived from the franchise as set forth herein.

5.     In accordance with NJFPA § 56:10-4, the gross sales of Certa Pro's products between the parties exceeded $35,000 for the twelve months prior to Certa Pro filing this action.

6.     As Smith is a Certa Pro franchisee, Smith is accorded the full protections of the NJFPA.

7.     Certa Pro has acted in violation of the NJFPA as it has terminated Counterclaimant without good cause as required under the statute.

8.     In or about November, 2007, Certa Pro served Smith with a "Notice of Default

and Intent to Terminate" based on Smith's alleged underreporting of gross sales.

      9.     Smith vigorously denies these accusations, submits that he was not in violation of the agreement and therefore was unlawfully terminated.

      10.    Based on the foregoing, Certa Pro has violated §56:10-5 of the NJFPA for its purported termination of the franchise without good cause and has caused Smith damage.

**WHEREFORE**, Counterclaimant demands judgment be entered against Certa Pro ordering:

     a.   An award of monetary damages, as appropriate;

     b.   An award of its reasonable attorney's fees, interest, and costs;

     c.   An award of punitive damages;

     d.   Injunctive and/or declaratory relief as herein described; and

     e.   Such other relief as this Court finds reasonable and proper.

## COUNT TWO
### Violation of the New Jersey Consumer Fraud Act

      11.    Counterclaimant repeats, realleges and incorporates by reference all of preceding paragraphs, as though fully set forth herein.

      12.    Smith is a "consumer" as defined under the New Jersey Consumer Fraud Act ("NJFPA"), N.J.S.A. 56:8-1 et seq.

      13.    The Certa Pro franchise is merchandise as defined in N.J.S.A 56:8-1(c).

      14.    Certa Pro's actions, including but are not limited to, Certa Pro's business scheme as alleged and incorporated herein, is an "unconscionable commercial practice . . . in connection with the sale or advertisement of any merchandise" in violation N.J.S.A. 56:8-2.

      15.    Certa Pros' deceptive actions as more thoroughly described herein constitute an unlawful practice as an "act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the

knowing[] concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby."  N.J.S.A. 56:8-2.

16.     Upon information and belief, Certa Pro offers its franchises to the general public.

17.     The Representations given to Defendant by Certa Pro and its agents were, on information and belief, used on numerous other occasions, specifically in March and April 2006 to elicit interest in Plaintiff's franchise.  (See Exhibit 1 attached).

18.     Upon information and belief, Mark Titcomb and Certa Pro's use of income representations to Defendant was false, fraudulent and misleading.

19.     Certa Pro's commission of unfair or deceptive acts and/or prohibited practices under the NJFPA has caused Smith to suffer an ascertainable loss, including but not limited to, economic harm.

20.     Smith has been damaged and is entitled to recovery from Certa Pro, in an amount to be determined at trial plus treble damages and attorneys' fees and costs.

**WHEREFORE,** Plaintiff demands that judgment be entered Defendant Ordering:

a.   An award of monetary damages, as appropriate;

b.   An award of its reasonable attorney's fees, interest, and costs;

c.   An award of punitive damages;

d.   Treble Damages pursuant to N.J.S.A. 56:8-19;

e.   Injunctive and/or declaratory relief as herein described; and

f.   Such other relief as this Court finds reasonable and proper.

MARKS & KLEIN, LLP

*/s/ Gerald A. Marks*

Gerald A. Marks, Esq., *pro hac vice*
63 Riverside Avenue
Red Bank, NJ 07701
Telephone: (732) 747-7100
Facsimile:  (732) 219-0625

THE ORLOSKI LAW FIRM

*/s/ RJO 2737*

Richard J. Orloski, Esquire

PA ID #09857
111 N. Cedar Crest Blvd.
Allentown  PA   18104-4602
610-433-2363
610-433-4785 fax

Attorneys for Defendant-Counterclaimant

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury as to all issues raised by this pleading.

## DESIGNATION OF TRIAL COUNSEL

Gerald A. Marks is hereby designated as trial counsel for the within complaint.

*/s/ Gerald A. Marks*

Gerald A. Marks
Attorney for Defendant-Counterclaimant

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 6th day of October 2008, the foregoing **Amended Answer,**

**Affirmative Defenses and Counterclaim** was electronically filed with the Court's CM/ECF

system, such that the following counsel will receive service automatically:

Jeffrey A. Zucker, Esq.
Fisher & Zucker, LLC
21 South 21st Street
Philadelphia, PA 19103
*Attorney for Plaintiff, Certa ProPainters, Ltd.*

<u>*/s/ Gerald A. Marks*</u>

Gerald A. Marks, Esq
Marks & Klein, LLP
63 Riverside Avenue
Red Bank, NJ 07701
(732) 747-7100
Attorneys for Defendants

# EXHIBIT 1

# Results at a Glance

| | | AR | GAF |
|---|---|---|---|
| | Current Balance | $14,018.78 | $11,296.86 |
| | Last Payment Amount | $2,415.92 | $1,034.98 |
| | Last Payment Date | 05/25/2004 | 04/30/2004 |
| | Last Invoice Amount | $3,023.65 | $1,808.19 |
| | Last Invoice Date | 04/30/2004 | 04/30/2004 |

**Prepared By:**  Mark Metzgar   **On:** 05/30/2004

**Franchisee:**   Certa Bryn Mawr

Referral Rating:  95.2%
Completed Surveys:  42

| Fiscal Year 2004 | Since 05/23/2004 (7 days ago) | Budget YTD (05/30/2004) | Actual YTD (Current) | Actual vs Budget +/- | Y/E Budget | Y/E Trend | Trend as of 05/23/2004 | Y/A YTD (05/13/2003) | Current vs Y/A +/- |
|---|---|---|---|---|---|---|---|---|---|
| **DM Marketing** | | 59% | 109% | <-- # Letters> | | | | | |
| # DM Sent | 0 | 10,417 | 19,110 | 83% | 17,550 | 32,196 | 34,848 | 4,399 | 334% |
| # DM Leads | 4 | 63 | 61 | -2% | 105 | 103 | 104 | 24 | 154% |
| % DM Response | | 0.6% | 0.32% | -0.28 | 0.60% | | 0.30% | 0.55% | -0.23 |
| **Marketing** | | 52% | 62% | (<-- # Leads) | | | | | |
| # Leads | 19 | 272 | 329 | 21% | 527 | 638 | 637 | 203 | 62% |
| % Slippage | | 26% | 28% | -2 | 26% | | 29% | 27% | 1 |
| **Sales** | | 52% | 58% | (<-- $ Booked) | | | | | |
| # Estimates | 18 | 201 | 237 | 18% | 390 | 459 | 450 | 148 | 60% |
| $ Proposed | $99,696 | $703,372 | $1,043,949 | 48% | $1,363,636 | $2,023,916 | $1,941,104 | $648,587 | 61% |
| $ AJS Est | | $3,500 | $4,405 | $905 | $3,500 | | $4,312 | $4,382 | $23 |
| # Landed | .8 | 111 | 114 | 3% | 214 | 221 | 218 | 95 | 20% |
| % S/R | | 55% | 48% | -7 | 55% | | 48% | 64% | -16 |
| $ Booked | $47,899 | $386,855 | $432,676 | 12% | $750,000 | $838,834 | $790,987 | $311,088 | 39% |
| $ AJS Landed | | $3,500 | $3,795 | $295 | $3,500 | $3,795 | $3,630 | $3,275 | $521 |
| **Production** | | 34% | 36% | (<-- $ Prod: Completed and receivable) | | | | | |

| Since 05/23/2004 (7 days ago) | Budget YTD (05/30/2004) | Actual YTD (Current) | Actual vs Budget +/- | Y/E Budget | Y/E Trend | Trend as of 05/23/2004 | Y/A YTD (05/13 |
|---|---|---|---|---|---|---|---|
| | 34% | 36% | (<-- $ Prod: Completed and receivable) | | | | |
| 3 | 74 | 72 | -2% | 214 | 210 | 217 | |
| $14,560 | $257,589 | $267,587 | 4% | $750,000 | $779,111 | $794,152 | $12 |
| | | $165,089 | | $0 | $59,723 | $131,750 | |
| 470 | 6,771 | 6,182 | -9% | 19,714 | 18,000 | 17,928 | |
| 30 | 6,771 | 6,649 | -2% | 19,714 | 19,359 | 20,774 | |
| 22 | 6,162 | 6,065 | -2% | 17,940 | 17,659 | 18,967 | |
| | 91% | 98% | -7 | 91% | | 106% | |
| 0 | | 29 | | 10 | | 29 | |
| -0.4 | 40.0 | 9.5 | -76% | 40.0 | | 9.9 | |
| | 34% | 33% | ( <-- $ Costed on Job Profile) | | | | |
| 4 | 74 | 66 | -10% | 214 | 192 | 195 | |
| $11,465 | $257,589 | $245,606 | -5% | $750,000 | $715,111 | $734,876 | $122 |
| $67 | $110,763 | $112,364 | 1% | $322,500 | $327,161 | $352,456 | $ |
| | 43% | 46% | 3 | 43% | | 48% | |